### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MAURO TROETTI & JANET TROETTI**<br>    **Plaintiffs** ) | **CIVIL ACTION** |
| ) | **COMPLAINT** |
| v. ) | |
| ) | **JURY TRIAL CLAIMED** |
| **FAY SERVICING, LLC**<br>    **Defendant** ) | |
| ) | **DECEMBER 17, 2010** |

### COMPLAINT

#### I. INTRODUCTION

1.  This is a suit brought by two consumers who have been harassed and abused by a collection agency that services their mortgage. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent State law claim for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

#### II. PARTIES

2.  Plaintiff Mauro Troetti is a natural person residing in Bethel, Connecticut.

3.  Plaintiff Janet Troetti is a natural person residing in Bethel, Connecticut and is the wife of Plaintiff Mauro Troetti.

4.  Defendant, Fay Servicing, LLC ("Fay"), is a Foreign Limited Liability Company licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

## III. **JURISDICTION**

5.   Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337; supplemental jurisdiction is proper pursuant to 28 U.S.C § 1367.

6.   This Court has jurisdiction over Fay because it engages in business activities within Connecticut.

7.   Venue in this Court is proper, as Plaintiffs are residents of Connecticut and the acts complained of occurred in this state.

## IV. **FACTUAL ALLEGATIONS**

8.   Plaintiffs had a consumer debt related to their home mortgage loan which Plaintiffs disputed (the "Debt").

9.   On or around July 29, 2010, the rights to service the Debt was transferred to Fay; Plaintiffs received a letter regarding the transferring of servicing rights to Fay, and that letter stated that Plaintiffs could contact Fay's customer service department at P.O. Box 220720, Chicago, IL 60622 regarding the servicing of Plaintiffs' mortgage.

10.   On or around August 20, 2010, Plaintiffs received a telephone call from Fay; Plaintiff Mauro Troetti took that call and spoke with a Fay representative regarding the Debt, and during that conversation, he told that representative that Plaintiffs disputed the Debt and had an attorney in connection with the Debt, and he provided that representative with Plaintiffs' attorney's name and telephone number.

11.   On August 30, 2010, Plaintiffs' counsel sent a letter to Fay's address identified in Paragraph 9; that letter notified Fay of Plaintiffs' lawsuit regarding the Debt,

provided contact information for Plaintiffs' attorney, and demanded that Fay cease
contacting Plaintiffs and instead direct all correspondence to their attorney.

12. On or around September 2, 2010, Plaintiffs received from Fay a letter dated
August 31, 2010, which letter falsely stated that Plaintiffs recently had received a
"welcome kit" from Fay, and it requested that Plaintiffs send Fay proof of
fire/homeowner's insurance, and stated that Plaintiffs would be charged $ 374,777 for
fire insurance coverage if Plaintiffs failed to submit proof of insurance to Fay within 60
days.

13. On or around September 14, 2010, Plaintiffs received from Fay a detailed
billing and account statement dated September 11, 2010 and which stated that Plaintiffs
currently owed Fay $124,568.78.

14. On October 8, 2010 - which was Plaintiff Mauro Troetti's birthday - while
Plaintiffs were at home planning Plaintiff Mauro Troetti's birthday celebration, a Fay
representative named Janna Lewis entered Plaintiffs' property and approached the front
door of their home.

15. Plaintiff Janet Troetti answered the door, and Janna Lewis told her that she
was with Fay Servicing; Plaintiff Mauro Troetti soon joined his wife at the door, and
Plaintiffs explained to Janna Lewis that they had disputed the Debt and had attorney
representation in connection with the Debt, and that they had already informed Fay of
their attorney's contact information.

16. Janna Lewis responded by admitting that she was wrong to have contacted
Plaintiffs, and she handed Plaintiffs an envelope and left Plaintiffs' property.

17. At no time while she was communicating with either Plaintiff did Ms. Lewis state that the communication was from a debt collector.

18. Inside the envelope was a piece of paper which stated "we urgently need to speak with Mauro Troetti, Fay Servicing, 800-495-7166, Janna Lewis."

19. Nowhere on the envelope or the paper enclosed inside did it state that it was a communication from a debt collector.

20. Plaintiffs were humiliated and upset by the fact Fay had one of its representatives personally visit their home notwithstanding Fay had already been notified multiple times regarding Plaintiffs' attorney's contact information, and Plaintiffs became very nervous and distraught by Fay's actions and about the thought of what Fay might do to them in the near future.

21. Plaintiffs had planned to go out to dinner later that same day to celebrate Plaintiff Mauro Troetti's birthday, but they cancelled their dinner plans on account of the fact both of them were so upset and nervous as a result of Fay's collection activities.

22. Furthermore, Plaintiffs would customarily have their children visit and stay with them in their home to celebrate Plaintiff Mauro Troetti's birthday, and their children were coming up the following day to stay with Plaintiffs for that reason; however, Plaintiffs worried about that visit and had difficulty enjoying themselves during that visit, for they feared that Fay might show up at their door and/or call their house, and that their children might learn of their financial struggles.

23. On or around October 20, 2010, Fay sent Plaintiffs a collection notice that stated Plaintiffs owed Fay $127,110.85.

4

25. Fay violated the FDCPA in the following respects:

 a. Fay violated 15 U.S.C. § 1692e(10) by threatening to charge Plaintiffs $374,777 unless they complied with Fay's demand regarding sending proof of fire insurance.

 b. Fay violated 15 U.S.C. § 1692e(10) by sending Plaintiffs a statement that falsely stated that Plaintiffs currently owed Fay $124,568.78.

 c. Fay violated 15 U.S.C. § 1692c(a)(2) by continuing to contact Plaintiffs notwithstanding Fay knew or should have known Plaintiffs' attorney's contact information.

 d. Fay violated 15 U.S.C. § 1692g by failing to send Plaintiffs proper notice of their verification rights under the FDCPA.

 e. Fay violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the Debt.

 f. Fay violated 15 U.S.C. § 1692e(11) by failing to state that the communication was from a debt collector in the oral and written communications received from Fay representative, Janna Lewis.

 g. Fay violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiffs; and

 h. Fay violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

26. For Fay's violations of the FDCPA as described above, Plaintiffs are entitled to recover their actual damages (including emotional distress related damages),

statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO
### CUTPA

27. Plaintiffs incorporate Paragraphs 1-23.

28. Fay has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*.

29. Plaintiffs have suffered an ascertainable loss on account of Fay's illegal debt collection activities, in that they have incurred costs including but not limited to postage expenses incurred in the process of sending to their attorneys the notices they received from Fay and their representative Janna Lewis, which notices they mailed to their attorneys for the purpose of stopping Fay's illegal debt collection activities.

30. Fay violated CUTPA and is liable to Plaintiffs for their monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, Plaintiffs pray for the following relief:

Monetary damages related to Plaintiffs' emotional distress; Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k, actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

**PLAINTIFFS, MAURO TROETTI & JANET TROETTI**

By: _____
    Daniel S. Blinn, ct02188
    Matthew W. Graeber, ct27545
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408; Fax. (860) 571-7457